FRANKLIN TITLE AND MORTGAGE GUARANTY COMPANY OF NEW YORK, Respondent, v. ISAAC SHERNOV and LILLIAN WANSKER, Appellants.

First Department, March 12, 1937.

*Harry Cohen*, for the appellants.

*Herbert S. Greenberg* of counsel [*Freedman & Greenberg*, attorneys], for the respondent.

PER CURIAM. Plaintiff commenced a foreclosure action on December 1, 1936, based on the alleged failure of defendants to make the interest payment due November 1, 1936, and procured its order of receivership on the same day.

The mortgage was for five years and was due and payable on November 1, 1933, with interest at the rate of six per centum per annum, payable November first and May first in each year. The mortgage was in the usual statutory form and contained an acceleration clause, conditioned upon the default in the payment of interest for thirty days, or in the payment of any tax, water rate or assessment for ten days after notice and demand.

It appears that in September, 1933, the plaintiff voluntarily reduced the rate of interest to five per centum per annum for a period of one year, which embraced the interest payments due November 1, 1933, and May 1, 1934, the latter payment being beyond the expiration date of the mortgage as therein fixed. Two similar annual extensions of the interest rate were executed affecting the interest payments from November 1, 1934, to May 1, 1936.

Plaintiff demanded interest at the rate of six per centum for the installment of interest due November 1, 1936.

The moving affidavits allege the tender of interest at the rate of five per centum and payment of taxes prior to the commencement of this action.

Defendants rely on section 1077-cc of the Civil Practice Act, reading as follows:

" § 1077-cc. [Interest rate not to be increased.] Notwithstanding any inconsistent provisions of this act or of any other general or special law, the rate of interest upon any loan, indebtedness, bond, extension agreement, collateral bond, or other evidence of indebtedness or liability, if the indebtedness originated or was originally contracted for simultaneously with a mortgage upon real property and is secured solely by such mortgage, shall not be increased by reason of the maturity of such obligation during the emergency period as defined in section ten hundred seventy-seven-g of this act, but shall continue after such maturity at the rate specified

in such obligation or any agreement reducing such rate until the expiration of such emergency period."

We hold that the defendants come within the purview of this section of the Civil Practice Act, and their tender of the payment of the interest installment at the rate of five per centum disentitled the plaintiff from thereafter instituting this foreclosure action upon the ground of non-payment of interest.

Even if interest were payable at the rate of six per centum, the action has been prematurely commenced, and would require dismissal on that ground because the complaint does not state a cause of action predicated upon a continued default in payment of taxes for ten days after the giving of notice.

The order should be reversed, with twenty dollars costs and disbursements, and the motion to vacate the order of receivership should be granted, with ten dollars costs.

MARTIN, P. J., MCAVOY, DORE and COHN, JJ., concur; O'MALLEY, J., concurs in result.

O'MALLEY, J. (concurring). I concur in the result upon the ground of prematurity, in that the thirty days' grace period had not expired on the date of the appointment of the receiver. I dissent from so much of the majority opinion as holds that the agreements here involved come within the purview of section 1077-cc of the Civil Practice Act, and that the proffer of interest at the rate of five per cent was a good tender.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.